FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAR 17 AM 11: 51

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

ERIC BERNARD SCOTT,           )
                              )
         Plaintiff,           )
                              )
    vs.                       )   CV 305-161
                              )
JAMES DONALD, Commissioner;   )
PAUL THOMPSON; L. LOW; and    )
DARYL HERMAN;                 )
                              )
         Defendants.          )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate incarcerated at Calhoun State Prison in Morgan, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) James Donald ("Donald"), Commissioner of the Georgia Department of Corrections, (2) Paul Thompson ("Thompson"), the Warden of

Telfair State Prison, (3) Daryl Herman ("Herman"), a physician's assistant at Telfair State Prison, and (4) L. Low ("Low"), a nurse at Telfair State Prison. (Doc. no. 1, pp. 5-6). According to Plaintiff, on August 1, 2004, while he was incarcerated at Telfair State Prison, he was assaulted by two other inmates.[1] (Id. at 7). Among other injuries, Plaintiff dislocated his finger. (Id.). Plaintiff was seen by a doctor at an emergency room, but the doctor was unable to "reset" Plaintiff's finger. (Id.). Defendants Low and Herman saw Plaintiff upon his return to Telfair State Prison, but refused to help him with his finger. (Id. at 7-8). Later, in August 2004, a doctor determined that Plaintiff needed surgery. Following surgery and physical therapy, Plaintiff now has only limited use of his finger. (Id. at 8-9). Presumably, Plaintiff blames Defendants for a delay in his treatment which resulted in permanent injury to his finger. (See id.).

## II. DISCUSSION

Plaintiff's claims against Defendants Thompson and Donald fail as a matter of law. Plaintiff seems to blame these supervisory officials for the acts of their subordinates, without alleging any personal involvement by them in his medical care. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated

---

[1] Plaintiff was later transferred to Calhoun State Prison, his present place of incarceration.

2

in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted, Plaintiff has not alleged that these Defendants actually participated in his medical care. On this point, the Court notes that "[s]upervisory officials must rely on their subordinate professionals to make competent medical decisions. As long as supervisory officials have no reason to believe that their subordinates are failing to carry out their duties in a competent manner, they should not be held liable for medical decisions over which they have no direct control." Waldrop v. Evans, 681 F.Supp. 840, 851 (M.D. Ga. 1988). Here, Plaintiff has proffered no reason to suppose that these Defendants were even aware of a deficiency in his medical treatment, much less that they were deliberately indifferent to his medical needs.

Similarly, Plaintiff fails to allege a "causal connection" between these Defendants and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[2] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman,

---

[2]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

3

940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has proffered no allegations to suggest that these Defendants knew about any widespread abuse or that they was responsible for a custom or policy which resulted in deliberate indifference to Plaintiff's kidney problems. In sum, Plaintiff has failed to state a claim upon which relief may be granted against Defendants Thompson and Donald.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants Thompson and Donald be **DISMISSED**.

SO REPORTED and RECOMMENDED this 17th day of March, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

ERIC BERNARD SCOTT
L. LOW (by USM 285)
DARYL HERMAN (by USM 285)

CASE NO:       CV305-161
DATE SERVED:  3/17/06
SERVED BY:    L. FLANDERS

☐  Copy placed in Minutes
☐  Copy given to Judge
☑  Copy given to Magistrate